**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Meghan E. George (274525)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St. Suite 780,**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**mgeorge@toddflaw.com**

*Attorneys for Plaintiff,*
*Erin L. Perry*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN L. PERRY, individually, and on behalf of other members of the general public similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>MLB ADVANCED MEDIA, L.P., DBA MLB.COM, and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*); and<br>(3)  Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*).<br><br>**Jury Trial Demanded** |

Plaintiff Erin L. Perry ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant MLB Advanced Media, L.P., dba MLB.com, (hereinafter "Defendant") to stop Defendant's practice of falsely advertising a full year of MLB Prime ("Class Product") for an introductory price of $79.99 that it has no intention to provide, and in fact did not provide, and to obtain redress for a nationwide class of consumers ("Class Members") who purchased the Class Product within the applicable statute of limitations period as a result of Defendant's false and misleading advertisements.

2.     Defendant is a corporation with principal place of business in New York City and state of incorporation in New York and is engaged in the sale and distribution of communication and media devices, internet and television services.

3.     Defendant represented that for the introductory price of $79.99, consumers would receive a full year subscription to MLP Prime, when in fact Defendant did not and had no intention to provide consumers with a full year of MLB Prime for such price.

4.     Plaintiff and others similarly situated purchased the Class Product from Defendant.

5.     Defendant's misrepresentations and/or omissions to Plaintiff and others similarly situated caused them to purchase the Class Product, which Plaintiff and others similarly situated would not have purchased absent the misrepresentations and/or omissions by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6.     Consumers purchased a full year subscription to MLP Prime

CLASS ACTION COMPLAINT

advertised at the introductory rate of $79.99.

7.     Consumers rely on the representations and advertisements of retailers in order to know which programs and services to purchase based on availability and cost. Cost and terms of service are important and material to consumers at the time they sign up for services with a particular media provider, as consumers are sensitive to costs they pay for these programs and services, compared to what they could purchase from a competitive service provider.

8.     Defendant is engaged in the manufacture, marketing, supplying, and distributing television and internet products and services that are accompanied by deceptive advertising and billing practices that are not disclosed at the time consumers purchase goods and/or sign up for services.

9.     When consumers purchase goods and sign up for services with an internet and television media service provider, they reasonably believe that they will be billed in a transparent manner and will not be overbilled at the time they agree to initiate a relationship with the service provider.

10.     Defendant profits from the sale of internet and television media products and services. With deceptive advertising and billing practices, many of the consumers would not have purchased or attempted to purchase these television or internet media services, or would have chosen to purchase goods and/or services from a competitor.

11.     In Plaintiff's case, the billing practices that Defendant engaged were anything except for transparent, rather, they were quite deceptive.

12.     Defendant misrepresents that consumers would only billed $79.99, for a full year's subscription to MLB Prime, when in fact consumers were billed more than the amount represented for a single year of MLP Prime.

13.     Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception

CLASS ACTION COMPLAINT

that is at issue in this case.

14. Defendant makes written and oral representations to consumers which contradict the actual billing practices of the television and internet media services that will be used by Defendant after the consumer signs up for service.

15. The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Civ. Code §§ 1750 et. seq., and Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

16. Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the Class Product to consumers in California and nationwide.

17. On behalf of the class and subclass, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Product and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

18. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

19. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the services from Ventura County and Defendant provided the services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

20. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100

members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

21.    In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

22.    Plaintiff Erin L. Perry is a citizen and resident of the State of California, County of Ventura.

23.    Defendant MLB Advanced Media, L.P., dba MLB.com, (hereinafter "Defendant") is a corporation company with its principle place of business located and headquartered in New York City.  Defendant's State of Incorporation is in New York.

24.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant. Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in New York City, and were disseminated from New York, nationwide.

25.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible

for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

26.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

27.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

28.      In or around July of 2016, Plaintiff saw and/or received in the mail Defendant's advertisement, advertising a full year subscription to MLB Prime for an introductory rate of $79.99 ("Ad"). As a result of Defendant's Ad, Plaintiff decided to take advantage of the introductory offer of $79.99, and spoke to Defendant's agent, who assured Plaintiff that she would receive a full year of MLB Prime for the introductory rate of $79.99.

29.      Plaintiff enjoyed and used the Class Product until March 3, 2017, when Defendant automatically renewed Plaintiff's subscription to the Class product for $112.99, approximately four (4) months shy on the full year Plaintiff previously purchased and paid for in July of 2016 for $79.99.

30.     Plaintiff called Defendant and requested that she be refunded for the four (4) months she was doubled billed when Defendant decided to renew her subscription to MLB Prime on March 3, 2017, without notice or consent. Defendant never responded.

31.     For the service plan, Plaintiff paid more than valuable consideration.

Plaintiff relied on the fact that the service plan was being advertised for a particular price and would be provided for a specific period of time, by express statements or material omissions, that billing would be done clearly and accurately at the time of her purchase.  Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that she would be charged more for the service after she paid said charges.

32.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase the Class Product in spite of the fact that Defendant had no intention to and did not provide the Class Product for the period represented.

33.    Plaintiff felt ripped off and cheated by Defendant, for being charged and billed for charges that were not authorized or conspicuously disclosed. Plaintiff believes that Defendant will continue its action of duping customers in the same way unless Defendant's practices are halted by way of an injunction.

34.    Defendant's representation, through statements and omissions, that consumers would only be billed an introductory rate of $79.99 for a full year of MLP Prime constitute fraudulent affirmative misrepresentations of material fact that would be important to reasonable consumers when deciding between different internet and television media service providers.

35.    That is, had consumers, including Plaintiff, known that Defendant misrepresents is billing practices, then Plaintiff would never have purchased Defendant's services.

36.    Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the price of its services, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the price of service, in order to induce their purchase of services from Defendant over law abiding competitors.

37.    Defendant has a duty to disclose the full cost of services, including the timing and amount of renewal fees, to consumers, prior to the time that they agree to purchase services from Defendant. Defendant has a duty to disclose these material terms, because such terms would be highly important to a reasonable consumer, because a failure to disclose such terms would have the effect of drastically and unexpectedly elevating the price of Defendant's services for consumers, and because Defendant binds consumers to contracts of terms, thereby preventing consumers from easily getting out of their obligations with Defendant.

38.    Upon learning that Defendant was charging her excessively, Plaintiff felt ripped off and cheated by Defendant.

39.    Such tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

40.    Defendant expressly represented to Plaintiff, through written statements, the price of its products and services.

41.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase internet and television media services.

42.    In purchasing the Class Product, Plaintiff relied upon Defendant's representations.

43.    Such representations were clearly false because the price of the products and terms of the services offered by Defendant were at a higher rate and of a different nature than represented.

44.    Plaintiff would not have purchased the products and services if she knew that the above-referenced statements made by Defendant were false.

45.    Had Defendant properly marketed, advertised, and represented the Class Product, Plaintiff would not have purchased the products and services.

46.    Plaintiff agreed to give her money, attention and time to Defendant

CLASS ACTION COMPLAINT

because of the price that the internet and television media service was advertised. Defendant benefited from falsely advertising the prices of the service. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

47. Had Defendant properly marketed, advertised, and represented the Class Product, no reasonable consumer who purchased or attempted to purchase the internet and television media services would have believed that it was the price and nature it actually was.

48. On information and belief, thousands of consumers have issued complaints online about similar experiences with Defendant charging them undisclosed rates, and attempting to bill them more than they agreed to pay for services. It is this practice that Plaintiff seeks to put an end to, and recover compensation for class members.

49. Defendant's conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe that they owed debts for renewal, and other related charges, even though such amounts were never conspicuously disclosed at the point of sale, and even though Defendant makes representations to consumers that would lead a consumer to believe that such amounts were not owed.

50. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into making payments that are not owed.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

52. The class Plaintiff seeks to represent the Class and Subclass as defined as follows:

Class

All consumers nationwide, who, between the applicable statute of limitations and the present, purchased the Class Product, and were charged renewal fees for terms of service other than what was advertised or represented by Defendant.

Subclass

All California consumers, who, between the applicable statute of limitations and the present, purchased the Class Product, and were charged renewal fees for terms of service other than what was advertised or represented by Defendant.

53.     As used herein, the term "Class Members" shall mean and refer to the members of the Class and Subclass described above.

54.     Excluded from the Class and Subclass are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

55.     Plaintiff reserves the right to amend the Class and Subclass, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

56.     Upon information and belief, the proposed Class and Subclass is composed of thousands of persons.  The members of the Class and Subclass are so numerous that joinder of all members would be unfeasible and impractical.

57.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

58.     Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

59.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive

1    business practices in selling the Class Product to Plaintiff and

2    other Class Members;

3    (b)    Whether Defendant made misrepresentations with respect to

4    the cost, or quality of Class Product to consumers;

5    (c)    Whether Defendant profited from the sale of the goods and

6    services;

7    (d)    Whether Defendant violated California Bus. & Prof. Code §

8    17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*.,

9    and California Civ. Code § 1750, *et seq*.;

10    (e)    Whether Plaintiff and Class Members are entitled to equitable

11    and/or injunctive relief;

12    (f)    Whether Defendant's unlawful, unfair, and/or deceptive

13    practices harmed Plaintiff and Class Members; and

14    (g)    The method of calculation and extent of damages for Plaintiff

15    and Class Members.

16    60.    Plaintiff is a member of the class and subclass she seeks to represent

17    61.    The claims of Plaintiff are not only typical of all class members, they

18    are identical.

19    62.    All claims of Plaintiff and the class and subclass are based on the

20    exact same legal theories.

21    63.    Plaintiff has no interest antagonistic to, or in conflict with, the class

22    or subclass.

23    64.    Plaintiff is qualified to, and will, fairly and adequately protect the

24    interests of each Class Member, because Plaintiff relied upon Defendant's

25    advertisements and representations and purchased the Class Products from

26    Defendant during the Class Period.    Defendant's unlawful, unfair and/or

27    fraudulent actions concerns the same business practices described herein

28

CLASS ACTION COMPLAINT

irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

65.     Plaintiff will thoroughly and adequately protect the interests of the class and subclass, having retained qualified and competent legal counsel to represent himself and the class.

66.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

67.     Plaintiff incorporates by reference each allegation set forth above.

68.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

69.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

70.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Product, namely, Defendant A full year of MLB Prime services at a higher rate than advertised and charged them for more than what they owed and billed in a deceptive manner, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

71.     Defendant knew that its representations and omissions were untrue

and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

72.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Product. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Product.  In turn, Plaintiff and other Class Members ended up with services that turned out to actually be more expensive than advertised and for which they were billed in an unreasonable and deceptive manner, and therefore Plaintiff and other Class Members have suffered injury in fact.

73.     Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

74.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees that the Class Product would be of a particular price.

75.     Thus, Defendant knowingly sold the Class Product to Plaintiff and other putative class members.

76.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its

false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

77.     Plaintiff incorporates by reference each allegation set forth above.

78.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

79.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct

which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

80.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

81.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class and Subclass.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them internet and television media services falsely advertised at a particular price and for a particular term.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class and Subclass.

82.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class and Subclass that Defendant a full year of the Class Product for an introductory price of $79.99.  In fact, knowing that the above was false, Defendant unfairly profited in that Defendant knew that the Class Product was not of cost or quality it represented.  Thus, the injury suffered by Plaintiff and the members of the Class and Subclass is not outweighed by any countervailing benefits to consumers.

83.     Finally, the injury suffered by Plaintiff and members of the Class and Subclass is not an injury that these consumers could reasonably have avoided.  After Defendant, falsely represented the cost and quality of the Class Product, these consumers suffered injury in fact due to Defendant's sale of the Class Product to them, including charging renewal fees at a time and for an amount that Defendant misrepresented and/or omitted.  Defendant failed to take reasonable steps to inform Plaintiff and Class Members of actual cost and terms of the service

provided.   As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase the Class Product for a price and terms higher to and different from what Defendant advertised and/or represented.   Therefore, the injury suffered by Plaintiff and members of the Class and Subclass is not an injury which these consumers could reasonably have avoided.

84.   Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

85.   California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

86.   The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

87.   Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff paid higher prices for lower quality goods and services other than what was advertised and/or represented.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

88.   As explained above, Defendant deceived Plaintiff and other Class Members by representing falsely represented the availability, cost, and quality of

1    the goods and services sold.

2        89.    Thus, Defendant's conduct has violated the "fraudulent" prong of
3    California Business & Professions Code § 17200.

4    **UNLAWFUL**

5        90.    California Business and Professions Code Section 17200, et seq.
6    prohibits "any unlawful…business act or practice."

7        91.    As explained above, Defendant deceived Plaintiff and other Class
8    Members by representing the consumers would receive a full year of MLB Prime
9    for an introductory rate of $79.99.

10       92.    Defendant used false advertising, marketing, and misrepresentations
11   to induce Plaintiff and Class Members to pay higher prices for goods and services
12   of a lower quality than what was advertised and represented, in violation of
13   California Business and Professions Code Section 17500, *et seq*., and California
14   Civil Code Section 1750, *et seq*.  Had Defendant not falsely advertised, marketed
15   or misrepresented the cost and quality of the Class Product, Plaintiff and Class
16   Members would not have purchased the Class Product from Defendant and/or paid
17   the higher price for the lower quality goods and services. Defendant's conduct
18   therefore caused and continues to cause economic harm to Plaintiff and Class
19   Members.

20       93.    These representations by Defendant are therefore an "unlawful"
21   business practice or act under Business and Professions Code Section 17200 *et*
22   *seq*.

23       94.    Defendant has thus engaged in unlawful, unfair, and fraudulent
24   business acts entitling Plaintiff and Class Members to judgment and equitable
25   relief against Defendant, as set forth in the Prayer for Relief.  Additionally,
26   pursuant to Business and Professions Code section 17203, Plaintiff and Class
27   Members seek an order requiring Defendant to immediately cease such acts of

28

1    unlawful, unfair, and fraudulent business practices and requiring Defendant to

2    correct its actions.

### THIRD CAUSE OF ACTION

3

### Violation of Consumer Legal Remedies Act

4

### (Cal. Civ. Code § 1750 *et seq.*)

5

6    95.    Plaintiffs incorporate by reference each allegation set forth above

7    herein.

8    96.    Defendant's actions as detailed above constitute a violation of the

9    Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant

10   violated the following provisions of the CLRA:

11
          a. Representing that goods or services have sponsorship, approval,
12           characteristics, ingredients, uses, benefits, or quantities which they do
             not have or that a person has a sponsorship, approval, status, affiliation,
13           or connection which he or he does not have. Cal. Civ. Code § 1770(5);

14
          b. Advertising goods or services with intent not to sell them as advertised;
15           Cal. Civ. Code §1770(9);

16
          c. Advertising goods or services with intent not to supply reasonably
17           expectable demand, unless the advertisement discloses a limitation of
18           quantity; Cal. Civ. Code §1770(10); and

19
          d. Representing that the consumer will receive a rebate, discount, or other
20           economic benefit, if the earning of the benefit is contingent on an event
             to occur subsequent to the consummation of the transaction.; Cal. Civ.
21           Code §1770(17).

22

23   97.    Currently, pursuant to California Civil Code 1782(d), with respect

24   only to Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief

25   through the CLRA and not actual damages via the CLRA.  Upon Defendant's

26   failure to rectify or agree to adequately rectify the problems associated with the

27   actions detailed above, Plaintiff will amend her complaint to additionally seek

28

1  damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any
2  other relief available under section 1780(a) of the CRLA.

3  **MISCELLANEOUS**

4  98.  Plaintiff and Class Members allege that they have fully complied with
5  all contractual and other legal obligations and fully complied with all conditions
6  precedent to bringing this action or all such obligations or conditions are excused.

7  **REQUEST FOR JURY TRIAL**

8  99.  Plaintiff requests a trial by jury as to all claims so triable.

9  **PRAYER FOR RELIEF**

10  100.  Plaintiff, on behalf of himself and the Class, requests the following
11  relief:

12  (a)  An order certifying the Class and appointing Plaintiff as
13  Representative of the Class;

14  (b)  An order certifying the undersigned counsel as Class Counsel;

15  (c)  An order requiring Defendant, at its own cost, to notify all
16  Class Members of the unlawful and deceptive conduct herein;

17  (d)  An order requiring Defendant to engage in corrective
18  advertising regarding the conduct discussed above;

19  (e)  Actual damages suffered by Plaintiff and Class Members as
20  applicable or full restitution of all funds acquired from Plaintiff
21  and Class Members from purchase of the Class Products and
22  the charging fees and taxes thereto, during the relevant class
23  period;

24  (f)  Punitive damages, as allowable, in an amount determined by
25  the Court or jury;

26  (g)  Any and all statutory enhanced damages;

27  (h)  All reasonable and necessary attorneys' fees and costs provided

28

CLASS ACTION COMPLAINT

1                     by statute, common law or the Court's inherent power;

2        (i)     Pre- and post-judgment interest; and

3        (j)     All other relief, general or special, legal and equitable, to which

4                  Plaintiff and Class Members may be justly entitled as deemed

5                  by the Court.

6

7   Dated:  February 26, 2018      Respectfully submitted,

8                           LAW OFFICES OF TODD M. FRIEDMAN , PC

9

10                       By: /s Todd. M. Friedman

11                          TODD M. FRIEDMAN, ESQ.

12                        Attorney for Plaintiff ERIN L. PERRY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT